399 P.2d 147

Freida J. Wassom TOLMAN, Plaintiff and Appellant,

v.

Albert M. WASSOM, Defendant and Respondent.

No. 10229.

Supreme Court of Utah.

Feb. 15, 1965.

taken and retained custody of one of the children awarded by an Oregon court to the petitioner mother. It was not in accord with the visitation rights decreed by the Oregon divorce decree.

Petitioner took the position that full faith and credit must be accorded the Oregon judgment. We agree. The trial court questioned the 11-year-old girl in chambers who said she preferred to be with her father. That was all. There wasn't any evidence showing any changed circumstances since the Oregon decree, save the passage of time.

The trial court dismissed the petition on the argument of counsel and the preference of the girl, on the ground that a selection had been made by the child, who was over ten, as to which parent she chose with whom to live. This was based on the provisions of Title 30–3–5, Utah Code Annotated 1953.

The trial court was in error for several good reasons: 1) The matter was not a divorce proceeding, and therefore the Utah statute with respect to selection was inapropos; 2) There was no claim of or showing of any changed circumstances warranting either the trial court's decision or its assumption of jurisdiction to make it under the Utah statute; 3) All this being so, full faith and credit must be accorded the judgment of the sister state of Oregon.

Dansie, Ellett & Hammill, Murray, for appellant.

Mitsunaga & Ross, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

This matter was initiated by petition for writ of habeas corpus, the father having

**260**

It seems inescapable, therefore, to decide anything other than that the Utah court should have granted the petition, and we remand this case with instructions to do just that.

McDONOUGH, WADE, and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.